UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: ZEROCLICK, LLC, ('691 & '443) PATENT LITIGATION          MDL No. 2927


ORDER DENYING TRANSFER


**Before the Panel**:[*]  Microsoft Corporation and Dell Technologies Inc., which are defendants in two actions in the Western District of Texas, move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this patent litigation in the Northern District of California. The litigation consists of four actions in the Western District of Texas and one action in the Northern District of California, as listed on the attached Schedule A.

Patentholder Zeroclick, LLC (Zeroclick), which is the sole plaintiff in the Texas actions and the sole defendant in the California action, opposes centralization. HP Inc., the plaintiff in the California action, consents to centralization in the Northern District of California, as do defendants Samsung Electronics America, Inc., and Samsung Electronics Company, Ltd., which are sued in one of the Texas actions.

On the basis of the papers filed and the hearing held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of this litigation. The five actions share factual issues involving one or both of two related Zeroclick patents concerning graphical user interfaces: U.S. Patent Nos. 7,818,691 ('691 patent) and 8,549,443 ('443 patent). Centralization thus might, to some extent, avoid duplicative discovery and other pretrial proceedings, and conserve the resources of the parties and the judiciary.

There are, however, only five actions pending in two districts, and the four Texas actions are all before the same judge. Further, HP, which, as mentioned, is the plaintiff in the California action, is represented by the same counsel representing Microsoft and Dell.[1] Indeed, the multidistrict character of this litigation exists only because HP brought its declaratory judgment action against Zeroclick in the Northern District of California rather than the Western District of Texas. These circumstances – the small number of actions, minimal number of districts, and presence of common counsel – suggest that alternatives to centralization are practicable, and that formal centralization under Section 1407 is not necessary. *See In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978) (listing various methods for minimizing duplicative

---

[*]     Judge Ellen Segal Huvelle and Judge David C. Norton took no part in the decision of this matter.

[1]     Likewise, Zeroclick is represented by Russ, August & Kabat in all actions.

-2-

pretrial proceedings).

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

R. David Proctor            Catherine D. Perry
Nathaniel M. Gorton         Matthew F. Kennelly

**IN RE: ZEROCLICK, LLC, ('691 & '443) PATENT LITIGATION**   MDL No. 2927

## SCHEDULE A

<u>Northern District of California</u>

HP INC. v. ZEROCLICK, LLC, C.A. No. 4:19-06532

<u>Western District of Texas</u>

ZEROCLICK, LLC v. DELL TECHNOLOGIES, INC., C.A. No. 6:19-00569
ZEROCLICK, LLC v. LG ELECTRONICS, INC., ET AL., C.A. No. 6:19-00571
ZEROCLICK, LLC v. MICROSOFT CORPORATION, C.A. No. 6:19-00572
ZEROCLICK, LLC v. SAMSUNG ELECTRONICS CO., LTD., ET AL.,
    C.A. No. 6:19-00573